PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY MEJICO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>FILMATIQUE LLC, a New York limited liability company; and DOES 1 – 10, inclusive,<br><br>    Defendants. | Case No. 5:20-cv-2378<br><br>COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); AND<br>2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204) |

Plaintiff Brittney Mejico ("Plaintiff") complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1. Plaintiff is a blind California consumer. Earlier this year, she accepted a "free" trial online streaming service/subscription and related products from Filmatique LLC (''Defendant").

2. Defendant made and continues to make offers of "free" services and products that **violate California law in at least three ways**. Specifically, Defendant:

    (a) fails to present the automatic renewal offer terms or continuous service offer terms, including its full cancellation policy, in a **clear and conspicuous manner** and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(l );

    (b) charges consumer credit or debit cards without first obtaining **"affirmative consent"** to automatically renewing charges in violation of Cal. Bus. & Prof. Code§ 17602(a)(2); and

    (c) fails to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).

3. As a result, the product or service provided by Defendant to Plaintiff is an **unconditional gift** pursuant to Cal. Bus. & Prof. Code § 17603 and must be refunded.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over all causes of action asserted herein. There is complete diversity of citizenship in that Plaintiff is a citizen of the State of California and Defendant is a limited liability company organized under the laws of the State of New York and has its principal place of business in the State of

New York. Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.   This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state and has sufficient minimum contacts with this state.

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of this District, and because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.   Plaintiff Brittney Mejico is a California consumer. Plaintiff is completely blind. Plaintiff accepted Defendant's offer of a "free" trial online streaming service/subscription and related products and is a consumer as defined under Cal. Bus. & Prof. Code § 17601(d).

8.   Plaintiff both genuinely wanted to avail herself of Defendant's services and, as a consumer advocate for the blind, also wanted to determine whether Defendant would abide by its obligations under California law. As such, she is a dual-motivation "tester" who advances important consumer rights who should be "praised." (*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).)

9.   Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Filmatique LLC is a New York limited liability company with its principal place of business located in Brooklyn, New York. Defendant operates in California and has done business in California at all times relevant. At all relevant times, Defendant made, and continues to make, free trial service offers to consumers in California. Defendant operates a website which markets streaming services/subscriptions and related products.

10.   The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such

Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Filmatique LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

**California Business Professions Code §§ 17600-17606**

12. On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code, i.e., the Automatic Renewal Law ("ARL"), came into effect. The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' payment methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600. Section 17602, operative in its current form on July 1, 2018, contains specific requirements, as set forth below, concerning free trial offers made in connection with such service and subscription offers.

13. Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making a free gift or trial offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent,

   which has been construed to require a signature or "opt-in" box that is not part of the larger subscription transaction.

 (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

14. Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

15. Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

16. Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

17. Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including,

but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**Defendant's Business and Violations of California Law**

18. Defendant offers via its website "free trials" of various products and services. Defendant's product and services plan constitutes an automatic renewal plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

19. Defendant also failed to state in clear and conspicuous language (*i.e.*, in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols of other marks, in a manner that clearly calls attention to the language) the manner in which the subscription will change upon conclusion of the free trial, and other specifics as required by statute, specifically by Cal. Bus. & Prof. Code § 17602(a)(l), as set forth above.

20. Likewise, Defendant failed to obtain Plaintiff's "affirmative consent" to the charge, which requires a signature or "opt-in" box that is not part of the larger subscription transaction as required by Cal. Bus. & Prof. Code § 17602(a)(2).

21. Defendant also failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).

22. Because California law regulating companies who offer "free trials" is stringent and the consequences for violating it are severe, some companies attempt to avoid their obligations by unilaterally imposing anti-consumer provisions such as mandatory arbitration, waiver of class action remedies, damage limitations, and/or application of foreign law upon California consumers. At the time Plaintiff accepted Defendant's offer, Plaintiff was not aware of any such provisions, was never presented with any such provisions, and did not agree to any such provisions. As such, if and to the extent that the Defendant now tries to "ambush" Plaintiff with any such terms, they

cannot be imposed upon Plaintiff.  *See, e.g., National Federation of the Blind v. The Container Store, Inc.*, 904 F.3d 70, 75-77, 83-84 (1st Cir. 2018).)

# FIRST CAUSE OF ACTION

## FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE § 17602(a)(l))

### (By Plaintiff Against All Defendants)

23. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

24. California's Business and Professions Code § 17602(a)(1) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

(Cal. Bus. & Prof. Code § 17602(a)(1).)

25. Defendant made a "free trial" and automatic renewal offer to Plaintiff in violation of these requirements.  As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code including, but not limited to, an unconditional gift or restitution to Plaintiff under Cal. Bus. & Prof. Code § 17603.

/ / /

/ / /

/ / /

# SECOND CAUSE OF ACTION

## FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT BEFORE SUBSCRIPTION CHARGES ARE IMPOSED

### (CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)

### (By Plaintiff Against All Defendants)

26. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

27. California's Business and Professions Code § 17602(a)(2) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> (2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's **affirmative consent** to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time.

(Cal. Bus. & Prof. Code § 17602(a)(2) (emphasis added).)

28. This section has been construed to require a signature or "opt-in" box that is not part of the larger subscription transaction in order for a consumer who accepted a free trial offer to give affirmative consent to the charges imposed following the end of the free trial period.

29. Defendant violated this requirement by charging Plaintiff without first obtaining Plaintiff's affirmative consent. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff under Cal. Bus. & Prof. Code § 17603.

///

///

# THIRD CAUSE OF ACTION

# FAILURE TO PROVIDE ACKNOWLEDGMENT WITH AUTOMATIC RENEWAL TERMS AND INFORMATION REGARDING CANCELLATION POLICY

# (CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))

# (By Plaintiff Against All Defendants)

30. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

31. California's Business and Professions Code § 17602(a)(3) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> (3) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, **cancellation policy**, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

(Cal. Bus. & Prof. Code § 17602(a)(3) (emphasis added).)

32. California's Business and Professions Code § 17602(b) provides:

> "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

(Cal. Bus. & Prof. Code § 17602(b).)

33. Defendant violated these requirements by failing to provide Plaintiff with an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff. As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter 1, of Part

3, of Division 7 of the Cal. Bus. & Prof. Code including, but not limited to, an unconditional gift or restitution to Plaintiff under Cal. Bus. & Prof. Code § 17603.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

### (By Plaintiff Against All Defendants)

34. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

35. Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unlawful business acts or practices. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful business practice or act.

36. Since December 1, 2010, and continuing to the present, Defendant has committed unlawful business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §§ 17602(a)(1), 17602(a)(2), 17602(a)(3), and 17602(b).

37. Plaintiff has standing to pursue this claim because she suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Plaintiff accepted Defendant's free trial offer but was later charged monies in violation of the law, thus causing an actual injury to Plaintiff. Plaintiff would not have consented to the free trial offer if Defendant had made appropriate disclosures required by the ARL.

38. Plaintiff is entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203. The amount in controversy with respect to all such relief is in excess of $75,000, exclusive of interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

B. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's credit or debit card or account with a third party for an automatic renewal or continuous service without first obtaining Plaintiff's affirmative consent by means of a signature or "opt-in" box that is not part of the larger subscription transaction;

C. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgment that includes the cancellation policy in a manner that is capable of being retained by the consumer;

D. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation;

E. That the Court find and declare that Defendant has violated the UCL and committed an unlawful business practice by violating Cal. Bus. & Prof. Code § 17602;

F. That the Court award to Plaintiff actual damages, restitution or an unconditional gift pursuant to Cal. Bus. & Prof. Code §§ 17203, 17603, together with injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203, with the amount in controversy with respect to all such relief being in excess of $75,000, exclusive of interest and costs;

G. That Plaintiff be awarded attorneys' fees and costs; and

H.    That the Court award such other and further relief as this Court may deem appropriate.

Dated:  November 15, 2020       PACIFIC TRIAL ATTORNEYS, APC

By: */s/ Scott J. Ferrell*
Scott. J. Ferrell
Attorneys for Plaintiff